UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHARON CONNELL BURT | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CAUSE NO: 1:18-CV-250 WCL-SLC |
| | ) |
| SUMMIT CITY NURSING HOME & REHAB | ) |
| | ) |
| **Defendant.** | ) |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, by counsel, respectfully requests that this Court dismiss this action in its entirety because the allegations in Plaintiff's Complaint show that: (1) Plaintiff initiated this action more than ninety (90) days after she received her Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC), and therefore, the action is untimely pursuant to 42 U.S.C. § 2000e-5(f)(1); and (2) "Summit City Nursing Home & Rehab," the only named Defendant in this action, was not Plaintiff's "employer" for purposes of 42 U.S.C. § 2000e-2(a). In support of its motion, and consistent with Local Rule 7-1 of the Federal District Court for the Northern District of Indiana, Defendant files its Brief in Support of Motion to Dismiss contemporaneously with this motion and states as follows:

1. On August 8, 2018, Plaintiff filed her Complaint, *pro se*, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). [Docket No. 1, page 1.]

2. A civil action alleging employment discrimination under Title VII must be filed within 90 days of plaintiff's receipt of a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-

1

5(f)(1); *see also Knutson v. UGS Corp.*, 526 F.3d 339, 341 (7th Cir. 2008); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849–50 (7th Cir. 2001).

3.  In her Complaint, Plaintiff expressly states that she received her Notice of Right to Sue letter on May 9, 2018. [Docket No. 1, p. 1.] The 90th day after May 9, 2018, is August 7, 2018. Plaintiff did not file her Complaint until August 8, 2018. Therefore, the Complaint was untimely and must be dismissed. *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017) (If suit is not filed within the 90 day period, the action is time barred.)

4.  Dismissal under Rule 12(b)(6) is proper "when the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2005).

5.  In addition to the Complaint being untimely, Plaintiff failed to name her "employer" – EagleCare, L.L.C. ("EagleCare") - as the defendant – and improperly named Summit City Nursing Home & Rehab ("Summit City"). Title VII makes it unlawful for an "employer" to discriminate against an "employee" on the basis of race. 42 U.S.C. § 2000e-2(a). The statute defines "employer" as "a person…who has fifteen or more employees…" and an "employee" as a person employed by the employer. 42 U.S.C.A. § 2000e(b). Establishing that the defendant meets the "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006).

6.  Plaintiff was well aware that EagleCare was her employer. When she filed for unemployment and appealed the deputy's denial of unemployment benefits, EagleCare was the

named employer.[1] [Docket No. 1] Indeed, Plaintiff submitted, as an attachment to her Complaint, the decision from her unemployment insurance appeal, which clearly states her employer was EagleCare. [Docket No. 1, pp. 5-6][2] Plaintiff did not, however, name EagleCare as the defendant in this action.  Instead, she improperly named Summit City as the defendant. [Docket No. 1]. She does not (and cannot) allege that Summit City is an "employer" within the definition of Title VII or that it has fifteen or more employees. [Docket No. 1].

      WHEREFORE, for the reasons set forth herein and in the Brief in Support of Motion to Dismissed filed contemporaneously with this motion, Defendant, respectfully requests that this Court dismiss this action in its entirety and for all other appropriate relief.

                            Respectfully submitted,

                            */s/ Suzanne S. Newcomb*
                            Debra A. Mastrian (#17863-30)
                            dmastrian@salawus.com
                            Suzanne S. Newcomb (#20290-41)
                            snewcomb@salawus.com
                            SmithAmundsen LLC
                            201 North Illinois Street, Suite 1400
                            Indianapolis, IN 46204
                            Telephone: 317-464-4126; 317-464-4108

                            Attorneys for Defendant

---

[1] The information was also provided by the company in its position statement submitted to the Commission and underlying administrative proceedings.

[2] A portion of the unemployment insurance appeal decision which Plaintiff filed contains residents' names and medical information. Contemporaneously with this motion, Defendant files a motion to strike asking the Court to remove that page from the record and replace it with a redacted version of the same document in order to protect residents' privacy.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 24, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent a true and accurate copy of this filing to the following by U.S. First Class mail:

Sharon Connell Burt
3509 Smith St.
Fort Wayne, IN 46805

                                                   */s/ Suzanne S. Newcomb*
                                                  Suzanne S. Newcomb