UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| SHARON CONNELL BURT, | ) |
| :-- | :-- |
| Plaintiff, | ) |
| v. | ) Case No.: 1:18-CV-250 |
| SUMMIT CITY NURSING HOME & REHAB, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendant Summit City Nursing Home & Rehab on September 24, 2018 (ECF 12). Plaintiff Sharon Connell Burt failed to respond to the motion and the time for doing so has passed.[1] For the reasons explained below, the motion to dismiss is **GRANTED** and this case is **DISMISSED.**

## STANDARD OF REVIEW

Summit City brings its motion pursuant to Federal Rule 12(b)(6), which allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must

---

[1] Because Burt is proceeding *pro se*, the Court sent her a Notice and Order on September 26, 2018, pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir.1992), cert. denied, 504 U.S. 957, 112 S.Ct. 2307 (1992), informing her that the motion to dismiss had been filed, explaining the basis for and purpose of the motion, and instructing her to file a response (which she did not). Notice and Order (ECF 16). One day before that, Magistrate Judge Susan L. Collins, to whom this case is on partial referral, also issued an Order notifying Burt that the deadline for her to file a response to Summit City's motion was October 12, 2018. Court Order, September 25, 2018 (ECF 14).

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court is also mindful that Burt's *pro se* pleadings must be liberally interpreted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Hart v. Amazon.com, Inc.*, 191 F.Supp.3d 809, 816 (N.D. Ill. 2016), aff'd, 845 F.3d 802 (7th Cir. 2017) ("Because Plaintiff is proceeding *pro se*, the Court construes his complaint 'liberally' and holds it to a 'less stringent standard than formal pleadings drafted by lawyers.'") (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). Notwithstanding a plaintiff's *pro se* status, the Court must dismiss the complaint if, after drawing all reasonable inferences in favor of the plaintiff, it fails to state a legally sufficient claim. In addition, even though a plaintiff need not anticipate a defendant's affirmative defense, it is well established that a complaint is subject to dismissal if the plaintiff alleges facts that establish such a defense. *See Davis v. Watterson*, 2007 WL 3285796, at *1 (S.D. Ind. Nov. 5, 2007) ("'dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.'") (quoting *Hollander v. Brown*, 457 F.3d 688, 691, n. 1 (7th Cir. 2006)); *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 590 (7th Cir. 2017) ("[a] plaintiff can

plead herself out of court by alleging facts that show she has no legal claim.") (quoting *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016)). The Seventh Circuit has held that "district courts ordinarily should not dismiss a complaint based on an affirmative defense . . . . But when it is 'clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Paige v. Dep't of Veterans Affairs*, 2017 WL 3191761, at *1 (N.D. Ind. July 27, 2017) (quoting *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017)).

**DISCUSSION**

Sharon Burt filed this lawsuit on August 8, 2018, alleging that Defendant Summit City Nursing Home & Rehab, which she alleged was her employer, discriminated against her on the basis of her race (African-American). Complaint (ECF 1). In lieu of an answer to the complaint, Summit City filed its motion to dismiss. Summit City argues that Burt's complaint states no valid claim and must be dismissed for two reasons: first, because it was filed untimely; and second, because Burt sued the wrong defendant. Memorandum in Support of Motion to Dismiss (ECF 13), p. 1. While Summit City's memorandum is seven pages long, the bases for its motion are summarized succinctly in the first paragraph, as follows:

> Plaintiff failed to timely file her lawsuit. By law, employment discrimination
> ctions under Title VII . . . must be filed within [90] days of receiving the
> [EEOC's] "right to sue" notice. In her Complaint, Plaintiff states that she received
> the right to sue notice on May 9, 2018; however, her Complaint was not filed until
> 91 days later. Event if the ninety-day limitation could be ignored (which it
> cannot), Plaintiff did not name her "employer" for purposes of Title
> VII–EagleCare, L.L.C.–as the defendant. Instead, she sued the name of the facility
> where she worked–Summit City Nursing Home & Rehab[.] She does not allege
> that Summit City was her "employer," nor could she. Because Plaintiff filed her
> lawsuit late and failed to name her employer, Defendant respectfully requests the
> Court dismiss this action pursuant to Rule 12(b)(6)[.]

*Id*. Summit City also explains that it "is not a legal entity and has no employees. Summit City is

the name of a skilled nursing, rehabilitation, and long term care facility in Fort Wayne, Indiana[.] The facility is managed by American Senior Communities, L.L.C. With the exception of the Executive Director (who is employed by ASC), the facility's staff is employed by EagleCare." *Id*., n. 1.

Summit City notes that "[f]ailure to file suit within the prescribed 90 day period is an affirmative defense. . . . Though a plaintiff need not anticipate affirmative defenses, dismissal under Rule 12(b)(6) is proper 'when the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Id*., p. 4 (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). "'[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.'" *Id*. (quoting *Walker v. Thompson*, 288 F.3d 1005, 109 (7th Cir. 2002)).

As Summit City points out, Burt expressly states in her complaint that she received her Notice of Right to Sue letter on May 9, 2018. Complaint, p. 1. Burt attached a copy of that letter to her complaint. *Id*., p. 4. The notice from the EEOC specifically states that "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice** or your right to sue on this charge will be lost." *Id*. (boldface, underlining and capitalization in original). It is undisputed that Burt did not file her complaint within 90 days from the date she alleged she received her Notice. The 90-day limitations period, however, is a statutory mandate. *See* 42 U.S.C. § 2000e-5(f)(1). In rare instances, the doctrine of equitable tolling may excuse a plaintiff who failed to file suit within the mandated 90-day period if the court concludes that "the circumstances that caused a litigant's

4

delay are both extraordinary and beyond [her] control[.]" *McCleery v. Avalanche Food Grp.*, 2017 WL 6550619, at *2 (S.D. Ind. Dec. 4, 2017). In this case, given that she failed to respond to Summit City's motion, Burt has offered no explanation for the tardiness of her complaint. As another district court recently explained, "'[e]ven one day's delay beyond the statutory 90-day period is fatal in the absence of a specified basis for equitable tolling (a very narrowly-defined possibility indeed).'" *Smith v. Lyons*, 2018 WL 3329650, at *2 (N.D. Ill. July 6, 2018) (quoting *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp. 580, 581 (N.D. Ill. 1996)). Burt's lawsuit was filed beyond the statutorily mandated 90-day limitations period and therefore must be dismissed.

In addition, Burt's complaint must be dismissed because "Summit City is not a proper defendant." Memorandum in Support, p. 5. Summit City argues that "[i]n her Complaint, Plaintiff alleges that she worked for Summit City; however, she does not allege that Summit City is an 'employer' within the definition of Title VII or that it has fifteen or more employees, nor can she. . . . Summit City is the name of the facility [where Burt worked]. It is not a separate legal entity." *Id*. Summit City further notes that Burt's "allegation is contradicted by her own Complaint, which shows that EagleCare was her employer. . . . Plaintiff submitted, as an attachment to her Complaint, the decision from her unemployment insurance appeal which clearly identifies her employer as EagleCare. . . . She failed to name EagleCare as the defendant." *Id*. (citing Complaint, Doc. 1, pp. 5-6). Summit City insists that "[b]ecause her Complaint fails to establish an essential element of [her] claim–namely that the named defendant was her employer and meets the threshold number of employees for application of Title VII–Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed." *Id*. (citations

5

omitted).

Finally, Summit City correctly notes that "Plaintiff's *pro se* status does not excuse her procedural errors[]" since "even *pro se* litigants must comply with procedural rules." *Id*., p. 6 (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)). Summit City insists that "Plaintiff's errors are not excusable. She had all the information necessary to timely file a Title VII action against her employer, yet she failed to file suit within the prescribed 90 day period and she failed to name her employer as the defendant." *Id*., p. 7. Summit City's arguments are well taken and Burt has offered no response. Accordingly, this case must be dismissed.

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by Summit City Nursing Home & Rehab (ECF 12) is **GRANTED** and this case is **DISMISSED.**

Date: October 22, 2018.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana